TATE, Judge
(dissenting).
What we have before us is a pure question of law — the standard of duty of an occupier of premises and of a pedestrian when a walkway becomes slippery after snow. The facts are undisputed. The writer concurs in Judge CULPEPPER’S dissent, which fully states the law applicable to the present undisputed facts.
It may not be inappropriate, however, to add a few observations concerning the majority’s finding that the beauty shop operator was not at all negligent in maintaining a slippery walkway for his customers leading into his premises.
In my opinion, such was obviously negligent conduct on the part of the occupier of the business premises. Basically, negligence consists of unreasonably causing or maintaining a foreseeable risk to others. “Negligence as it is commonly understood is conduct which creates an undue risk of harm to others.” Prosser on Torts (2nd ed., 1955), p. 285.
It was perfectly foreseeable that customers attempting to use the walkway might slip and injure themselves. It was clearly negligent to continue this dangerous condition and to continue, by remaining open for business, to invite the customers to use this hazardous walkway, with the implied assurance that it was safe to traverse for those using due care.
This would be even clearer if a child seven years old, incapable of contributory negligence, had slipped and injured herself on her way into the premises as a business customer. If we visualize the sort of a situation where the injured person could not possibly be guilty of contributory negligence, it seems to me, it is very obvious that the hazard in using the beauty operator’s premises was unreasonably dangerous to others, involving a foreseeable risk to others using the premises with due care.
Again, if the beauty shop operator had put up-a sign stating: “WARNING DANGER — Walkway slippery”; the customers could have been alerted that extraordinary care was required to traverse the walkway, and that they should proceed into the premises at their own risk. The beauty shop operator might not have had many customers while the hazard was maintained with the sign warning of it; but, having' preferred to continue to invite the customers to use the walkway, without warning that the usual warranty did not apply that the walkway was reasonably safe for use with ordinary care, the beauty shop operator should not be able now to state that, no matter how hazardous and dangerous a condition to his customers he maintained on his premises, nevertheless he was not negligent in so doing, because the customers themselves should have realized the danger to their own safety to which they subjected themselves by giving the beauty shop their custom.
Under such a theory, the more unreasonable a hazard and the greater the danger created to others by the condition, the less negligent is the occupier of the premises in maintaining a hazard endangering his customers’ safety in their use of the premises per the implied invitation of the shop owner that they do so.
Thus, as my brother CULPEPPER and the trial court hold, there is no question but that the occupier of the premises was negligent; the only serious question is whether the plaintiff was contributorily negligent.
I further agree with the dissenting opinion’s conclusion that the present plaintiff was not contributorily negligent by her attempt to use with due care the premises, upon the implied invitation of the operator that her entrance into the business on the, *684 walkway could be accomplished with reasonable safety, if she exercised due care. Exercising due care, the plaintiff nevertheless fell. Unless she was negligent in being on the streets at all because it had snowed four days before — unless all travel should come to a stop under these circumstances until the ice and snow melts — unless it is negligent per se to be on the streets and to slip on the ice — •, the plaintiff was not contributorily negligent herein.
My learned and sincere brothers of the majority fell into error in holding that the occupier was not negligent, in my opinion, by relying upon observations in cases in which the facts were totally different to the present. In the Levert and Sherrill cases relied upon by the majority, the defective condition complained of was not so inherently dangerous as to constitute an actionable defect in itself; therefore, in evaluating whether the defective condition under those circumstances constituted an unreasonable risk to others, so as to foresee-ably endanger those rightfully using the premises, the courts there took into consideration whether the defects in question, not inherently dangerous in themselves, might nevertheless constitute a hazard to others because not readily observable and therefore in the nature of a trap. It was or was not foreseeably hazardous to others, despite not being inherently so, depending on whether it might be a trap.
In the present case, however, the condition of the premises was in itself inherently hazardous to others using it with due care, since it created a foreseeable hazard to others who had to use the walkway to get into the business premises, and who were given an implied invitation to do so by the operator of the business on the premises. Therefore, maintaining such a condition constituted negligence under the most elementary legal definition of the term, that is, as creating a foreseeable and unreasonable risk of injury to others rightfully using the premises with due care.